IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-206-BO-2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| RAMONE HAISON ETHRIDGE, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an officer from the Cumberland County Sheriff's Office on an ATF task force, and defendant the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

**Background**

Defendant was indicted on 24 June 2010 for the following offenses: possession of firearms (*i.e.*, a .223 caliber rifle and a pump shotgun ("subject firearms")) by a convicted felon, and aiding and abetting the same, on or about 28 January 2010, in violation of 18 U.S.C. §§ 922(g)(1), 924 and 2; and possession of stolen firearms (*i.e.*, the subject firearms), and aiding and abetting the same, on or about 28 January 2010, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) and 2. The evidence

presented at the hearing showed that the charges arise from defendant's break-in with the co-defendant at a private residence. The defendants pulled into the driveway of the home in a white Cherokee, defendant went to the front door and appeared to ring the doorbell, and he forced the door open when nobody answered. He and the co-defendant then entered the home and left a short time later carrying the subject firearms and a television, which they placed in the back of the Cherokee. Two neighbors witnessed defendants and called the police. When the police attempted to stop the Cherokee, it sped off. The Cherokee eventually stopped and both defendants fled on foot, but were later apprehended. The police found the stolen firearms and television in the Cherokee, and the homeowners identified them as theirs.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offenses charged; the circumstances of the offenses charged, including their association with the break-in at a home, defendant's commission of the alleged offenses while on state probation (which began about 3 months earlier), and defendant's flight on foot from arresting officers (the evidence did not establish whether defendant was driving when the Cherokee fled the scene); defendant's criminal record, including 14 felony convictions (13 for breaking or entering and related charges, and one for a drug offense), 6 misdemeanor convictions, 8 failures to appear, a prior unsatisfactory termination of probation, commission of an offense for which he was convicted on probation, and accrual of additional charges in February 2010 after he was released on the state charges arising from the instant offense conduct; defendant's prior use of an alias date of birth and social security number; defendant's apparent marijuana habit; the unsuitability of the proposed third-party custodial arrangement due

2

to the high degree of flight risk and risk of danger presented by defendant, the proposed custodian's attitude toward defendant's regular drug use ("What child doesn't?") and apparent lack of interest in his criminal record (characterizing it as a matter between him and his attorney), and her absence from the home on a regular basis for full-time work; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, although defendant proffered that he would be able to continue working if released, his employment has not prevented him from engaging in criminal conduct in the past. In addition, many of the breaking or entering-related offenses occurred in May 2008, but this type of offense conduct has continued, as the instant offense conduct demonstrates.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 20th day of August 2010.

James E. Gates
United States Magistrate Judge

3