UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-206-2-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| | ) |
| RAMONE HAISON ETHERIDGE. | ) |

This matter is before the Court on Defendant Ramone Haison Etheridge's Motion to Dismiss Count One of the Indictment [DE 36]. For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

On June 24, 2010, the Grand Jury indicted Defendant Ramone Haison Etheridge on two counts, including Count One: knowingly possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g). On November 16, 2010, the Defendant moved to dismiss Count One of the Indictment. Although the Defendant admits he has been convicted of multiple Class H and I North Carolina felonies, he argues that none of these convictions is a "crime punishable by imprisonment for a term exceeding one year" within the meaning of 18 U.S.C. § 922(g)(1).

## DISCUSSION

In his motion to dismiss, Defendant contends he is legally innocent of the charged offense of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Specifically,

Defendant argues that he does not have a prior conviction "punishable by imprisonment for a term exceeding one year" as required for conviction under § 922(g)(1).

This Court's analysis is controlled by United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Harp held that "in the context of a felon-in-possession-of-firearm conviction, . . . a prior North Carolina conviction [is] 'a crime punishable by imprisonment for a term exceeding one year' if any defendant charged with that crime could receive a sentence of more than one year." Id. at 246 (citing United States v. Jones, 195 F.3d 205, 206-07 (4th Cir. 1999)) (emphasis in original). The Harp Court further held that the fact that a particular defendant, under structured sentencing, could not have received in excess of one year was irrelevant, as what matters is the statutory maximum amount of imprisonment available for the crime. Id.

Harp dictates that Defendant's prior North Carolina Class H felony convictions meet the § 922(g)(l) requirement for crimes "punishable by imprisonment for a term exceeding one year," because the offenses provide a maximum term of imprisonment longer than one year. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (providing a maximum of thirty (30) months for Class H felonies). Under Harp, it is immaterial that Defendant himself did not face a term of imprisonment longer than one year; what matters is whether the offense of which the Defendant was convicted is punishable by a term of imprisonment longer than one year by any defendant. See Harp, 406 F.3d at 246; Jones, 195 F.3d at 206-07. The availability of a 30-month sentence for a Class H felony under North Carolina sentencing law requires this Court to find that Defendant's prior Class H felonies are "punishable by imprisonment for a term exceeding one year" for purposes of 18 U.S.C. § 922(g)(1).

Defendant nonetheless argues that the Supreme Court's decisions in United States v.

2

Rodriguez, 553 U.S. 377 (2008) and Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010) have

overruled the Fourth Circuit's position as announced in Harp. Like the Defendant in the instant

case, in Rodriguez the defendant was charged with possession of a firearm by a convicted felon

under 18 U.S.C. § 922(g)(l). Rodriguez, 553 U.S. at 380. Rodriguez had three prior state

convictions in Washington for delivery of a controlled substance. Id. At the time of these drug

offenses, the Washington statute under which Rodriguez was convicted authorized a term of

imprisonment of not more than five years. Id. Another provision of the statute, however, stated

that any person convicted of a second or subsequent offense could be imprisoned for up to ten

years. Id. Under this recidivist provision, Rodriguez could have faced up to ten years on two of

the drug charges. The government in Rodriguez asked the district court to sentence Rodriguez

under the Armed Career Criminal Act ("ACCA"), which mandates a fifteen (15) year minimum

sentence for a person who violates § 922(g) and has three previous convictions for a violent

felony or a serious drug offense. Id. The government argued that two of Rodriguez's drug

convictions were serious drug offenses under the ACCA because they were punishable by a

maximum term of imprisonment of ten years. Rodriguez argued, and the Ninth Circuit agreed,

that the "maximum term of imprisonment" under the ACCA is determined without reference to

recidivist enhancements.

The Supreme Court reversed and vacated the Ninth Circuit Court of Appeals, noting that

the ACCA refers to the "maximum term of imprisonment prescribed by law" for "an offense,"

not a defendant-specific inquiry that focuses on a defendant's prior record of convictions. Id. at

384-85. This court finds that Rodriguez supports, rather than undermines, the Fourth Circuit's

holdings in Harp and Jones.

3

Defendant also argues that the indictment against him should be dismissed based on the Supreme Court's recent decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). In Carachuri, the defendant faced deportation under federal law after he committed two drug offenses. Carachuri, 130 S. Ct. at 2580. The government attempted to block Carachuri from seeking discretionary cancellation of removal from the United States, contending that Carachuri had been convicted of an "aggravated felony." Id. at 2581. Under immigration law, an "aggravated felony" can be a "drug trafficking crime." A "drug trafficking crime" is "any felony punishable under," inter alia, "the Controlled Substances Act. ['CSA']" Id. (citations omitted). A "felony" is a crime for which the "maximum term of imprisonment" is "more than one year." Id.

Under the CSA, Carachuri's first drug offense was a misdemeanor not punishable by a year of imprisonment; however, a recidivist provision of the statute provided a punishment of up to two years for his second offense. Id. Carachuri is distinguishable from Jones, Harp, and the instant case in that under the CSA, for a defendant to be eligible for an enhanced punishment under the recidivist provision, the CSA "requir[ed] that a prosecutor charge the existence of the prior simple possession conviction before trial, or before a guilty plea." Id. at 2581-82 (citing 21 U.S.C. § 851(a)(l)). The CSA thus required a prosecutor to give the defendant an opportunity to challenge the validity of the prior conviction before it could be used to enhance the current conviction. In Carachuri's case, however, the prosecutor did not elect to seek an enhancement based on Carachuri's criminal history. Id. at 2583. The Supreme Court, therefore, concluded that Carachuri could not be classified as a recidivist because the procedure required under the CSA was not followed. Carachuri, 130 S. Ct. at 2589 ("the prosecutor in [Carachuri's] case declined

4

to charge him as a recidivist.").

But Carachuri is easily distinguishable from the instant case. North Carolina's structured sentencing regime, under which Defendant's past convictions are classified, imposes no additional duty on a prosecutor to charge a defendant as a recidivist. See United States v. Luviano-Vega, 5:10-cr-184, 2010 WL 3732137, at *4 (E.D.N.C. Sept. 20, 2010) ("[A] defendant's exposure to imprisonment of more than one year is automatically factored into the sentencing scheme based on his/her original conviction."). In Carachuri, the Supreme Court noted that if the prosecutor had followed the requirement of the CSA and charged Carachuri as a recidivist, Carachuri's offenses would have been punishable by a term exceeding one year. Carachuri, 130 S.Ct. at 2589-90. Here, in contrast, Defendant's prior convictions under North Carolina structured sentencing automatically placed him in a sentencing regime in which it is possible to receive more than one year of imprisonment regardless of whether the prosecutor charges the defendant as a recidivist.

Notably, the Carachuri Court did not address the North Carolina structured sentencing regime, nor did it address what it means to be "punishable by a term of imprisonment exceeding one year" in that context. Luviano-Vega, 2010 WL, at *4. Carachuri focused instead on the procedures required by certain statutes to classify a repeat offender as a recidivist in order to make the offender eligible for felony imprisonment. Id. North Carolina structured sentencing does not have such a procedure and thus, the relevant North Carolina law in the instant case is distinguishable from the sentencing scheme in Carachuri. Given the manifest differences between the North Carolina law at issue in the instant case, and the law at issue in Carachuri, Carachuri does not control the instant case, nor does it compel the relief Defendant seeks.

5

Defendant notes, however, that several Fourth Circuit opinions following <u>Jones</u> and <u>Harp</u> were vacated and remanded by the Supreme Court for reconsideration in light of <u>Carachuri</u>. <u>See, e.g.</u>, <u>Simmons v. United States</u>, 130 S. Ct. 3455, 2010 WL 2471064 (June 21, 2010); <u>Watson v. United States</u>, 130 S. Ct. 3455, 2010 WL 2471071 (June 21, 2010); <u>Williams v. United States</u>, 130 S. Ct. 3464, 2010 WL 753114 (June 21, 2010); <u>Smith v. United States</u>, 130 S. Ct. 3466, 2010 WL 978690 (June 21, 2010). In remanding, however, the Supreme Court did not give the Fourth Circuit any instructions or suggestions. Conclusions regarding the effect of these recent remands by the Supreme Court are, quite simply, speculative and premature. <u>Jones</u> and <u>Harp</u> remain binding precedent in this district until the Fourth Circuit abrogates or overrules those decisions or until the Supreme Court does so. Because there is no reason for this Court to deviate from binding precedent, Defendant's argument that he is legally innocent is foreclosed as a matter of law. <u>Harp</u>, 406 F.3d 242 .

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss Count One of the Indictment [DE 36] is DENIED.

SO ORDERED.

This the **09** day of **November**          , 2010.


TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6