IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-206-2BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RAMONE ETHRIDGE | ) | |

On July 13, 2011, a jury returned a verdict of guilty on count one, possession of a firearm by a felon and aiding and abetting in violation of 18 U.S.C §§ 922(g)(1), 924, and 2, and count two, possession of stolen firearms and aiding and abetting, in violation of 18 U.S.C. §§ 922(j), 924, and 2, of Defendant's indictment. The Court subsequently dismissed count one of the indictment on September 29, 2011, upon motion by the Government. On October 19, 2011, the Government moved for an upward departure at sentencing pursuant to U.S.S.G. § 4A1.3. Defendant appeared before the Court for sentencing on March 14, 2012, and was notified that the Court contemplated the possibility of an upward departure. Defendant was then sentenced on March 15, 2012, to a term of 120 months' imprisonment in the custody of the Bureau of Prisons. The Court makes the following findings in support of its upward variance sentence.

Pursuant to 18 U.S.C. § 3553(a), a sentencing court has a duty to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the [sentencing statute]." Once the defendant's Guidelines sentencing range has been established, the sentencing court must decide "whether a sentence within that range serves the factors set forth in § 3553(a)[1]

---

[1] The factors set forth in § 3553(a) are:
(1) the nature and circumstances of the offense and the history and characteristics of the

and, if not, select a sentence within statutory limits that does serve those factors." *United States v. Tucker*, 473 F.3d 556, 560 (4th Cir. 2007) (internal quotation and citation omitted). After permitting the parties to argue with regard to sentencing, the court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The court must then "make an individualized assessment based on the facts presented, [and if it] decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 50. The "method of deviation from the Guidelines range – whether by departure or by varying – is irrelevant so long as at least one rationale is justified and reasonable." *United States v. Diosdado-Star*, 630 F.3d 359, 365-66 (4th Cir. 2011).

At the sentencing hearing, the Court sustained Defendant's objection to ¶ 53 of the

---

defendant;
(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense
    (B) to afford adequate deterrence to criminal conduct
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available
(4) the kinds of sentence and the sentencing range established for –
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
(5) any pertinent policy statement . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct
(7) the need to provide restitution to any victims of the offense.

Presentence Investigation Report (PSR).[2] Accordingly, ¶ 53 was adjusted to zero and the adjusted offense level at ¶ 58 was amended to 16, and the total offense level at ¶ 61 was amended to 16. The Court then found that Defendant's adjusted advisory Guidelines range was 41 - 51 months' imprisonment based on an offense level of 16 and a criminal history category V. The maximum sentence applicable on count two is ten years' imprisonment. Notwithstanding the sustained objection to ¶ 53, the Court finds the PSR to be credible and hereby adopts the findings therein.

Having considered the PSR, the arguments of counsel with regard to sentencing, and the factors enumerated in § 3553(a), the Court finds that a variance sentence is appropriate in this case. Defendant's PSR lists a total of eight breaking and entering convictions spanning a sixth-month period of time prior to the instant offense. Several offenses occurred on one day, and although Defendant appears to have served a period of 115 days in custody, Defendant was sentenced primarily to suspended active sentences and terms of probation for his numerous breaking and entering convictions. Defendant's larceny conduct during this time escalated from stealing a keyboard to stealing computer equipment, television sets, and firearms. Defendant was on probation for a breaking and entering conviction when he committed the instant offense conduct. Although Defendant has a total of eight criminal history points for past convictions, a maximum of only four points may be considered under the advisory sentencing Guidelines. U.S.S.G. § 4A1.1(c). Accordingly, the Court finds that Defendant's criminal history score under-represents his past conduct and that, in light of the repeating and escalating nature of Defendant's crimes, a variance above the advisory Guidelines range is necessary to afford adequate deterrence

---

[2] Defendant preserved his objections to ¶¶ 1,3,4, and 5 of the PSR but did not present specific argument on these matters. In light of the jury verdict in this matter and the evidence presented at trial, the Court found that these enhancements were appropriate.

and protect the public from further crimes of Defendant. 18 U.S.C. § 3553(a)(2)(B)-(C).

A variance sentence is also necessary to promote respect for the law. 18 U.S.C. § 3553(a)(2)(A). Defendant fled from police officers in a high-speed car chase, running a stop sign, crossing the center line of the roadway, and risking great harm to the safety others. Defendant also attempted to convince his co-defendant to testify falsely at Defendant's trial in order to exonerate Defendant. Finally, Defendant's own trial testimony was at great odds with the testimony of an eye-witness and Sheriff's Deputies. Defendant testified at trial that his co-defendant alone committed the breaking and entering offense, that Defendant had merely been picked up by his co-defendant after the crime occurred, and that he did not in fact attempt to flee from law enforcement on foot after exiting his co-defendant's vehicle following the car chase by law enforcement. Defendant's testimony was ultimately found not-credible by the members of the jury who returned a verdict of guilt on all counts of the indictment. Such conduct by Defendant displays a total lack of respect for the law, and, although it is accounted for by the advisory Guidelines offense level computation, the Court finds that a sentence within the Guidelines range in this matter would be insufficient to adequately serve the § 3553(a) factors and the purposes of the sentencing statute.

Accordingly, after considering Defendant's individual circumstances and the facts of this case, the Court holds that a variance sentence of 120 months' imprisonment is appropriate and reasonable in this matter.

SO ORDERED, this **20** day of March, 2012.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE