IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-206-BO-2
NO. 5:13-CV-312-BO

| | |
|---|---|
| RAMON HAISON ETHRIDGE,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | ORDER |

This matter is before the Court on petitioner's motions for recusal and to compel. [DE 251, 256]. Also pending is a motion for correction pursuant to Rule 60(b)(4) of the Federal Rules of Criminal Procedure. [DE 250].

## BACKGROUND

On July 13, 2011, petitioner, Mr. Ethridge, was convicted by a jury of possession of a stolen firearms and aiding and abetting, in violation of 18 U.S.C. § 922 (j), and possession of firearm by a felon and aiding and abetting, in violation of 18 U.S.C. § 922(g)(1). Following the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), the government, with leave of this Court, dismissed the count of the indictment charging the violation of § 922(g). [DE 138]. On March 15, 2012, the Court then sentenced Mr. Ethridge to a term of 120 months' imprisonment, which represented an upward variance from Mr. Ethridge's advisory sentencing guideline range. Mr. Ethridge noticed a direct appeal, raising through counsel the procedural and substantive unreasonableness of his sentence, but not raising any issue related to his guilt or innocence. The court of appeals affirmed this Court's judgment by opinion entered April 4, 2013.

Mr. Ethrige then timely filed a motion to vacate pursuant to 28 U.S.C. § 2255, claiming ineffective of counsel, denial of a fair trial in part relating to this Court's alleged bias, and actual innocence. The Court granted the government's motion to dismiss on October 13, 2013, without granting a certificate of appealability. Petitioner filed a timely appeal of this Court's dismissal, and the court of appeals dismissed petitioner's appeal after finding that petitioner had failed to demonstrate the denial of a constitutional right so as to warrant a certificate of appealability. Mr. Ethridge then filed the instant motions.

## DISCUSSION

Motion for Recusal

The Court considers at the outset petitioner's motion for recusal. Petitioner contends that 28 U.S.C. § 455(a) requires the undersigned's recusal because the pending Rule 60(b) motion challenges the undersigned's participation in prior proceedings as unfair. The affidavit accompanying petitioner's motion for recusal lists a number of examples of bias including (1) the undersigned allowed the government to proceed with the § 922(g) charge despite the government's admission that if the *Simmons* case were decided in favor of the defendant, the government would have to dismiss that charge; (2) the undersigned questioned petitioner and his co-defendant at trial; (3) the undersigned "allowed" the government to ask for an upward departure; (4) the undersigned imposed the statutory maximum sentence; (4) the undersigned failed to recuse himself despite petitioner's allegations of bias in the § 2255.

Section 455(a) provides that a judge of the United States "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 551 (1994) (citation omitted). "Even remarks

2

made 'that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" *United States v. Lentz,* 524 F.3d 501, 530 (4th Cir. 2008) (citing *Liteky,* 510 U.S. at 540). Moreover, "[t]he alleged bias must derive from an extra-judicial source." *In re Beard,* 811 F.2d 818, 827 (4th Cir. 1987). "An extra-judicial source" is a basis "other than what the judge has learned or experienced from his participation in the case." *Sine v. Local No. 922 Int'l Bhd. of Teamsters,* 882 F.2d 913, 914 (4th Cir. 1989). Neither "opinions held by judges as a result of what they learned in earlier proceedings" nor opinions "properly and necessarily acquired in the course of the proceedings" have been found to be the basis of bias or prejudice that might require recusal. *Liteky,* 510 U.S. at 551.

In the present case, petitioner has failed to demonstrate any extra-judicial bias justifying disqualification. The Court's comments and rulings during petitioner's trial do not illustrate any sort of prejudice against petitioner, nor does the fact that the law changed during the pendency of petitioner's case. Furthermore, merely alleging bias is not a basis for recusal. If every court of the United States were to follow suit, petitioners in every case would allege bias simply to get another bite at the apple. In sum, there is no reasonable factual basis for questioning the Court's impartiality and petitioner's motion for recusal is hereby DENIED. His motion to compel is DISMISSED AS MOOT.

Rule 60(b) motion

Petitioner's Rule 60(b) motion challenges this Court's previous ruling in his § 2255. Specifically, petitioner re-alleges that his counsel was ineffective and that the district judge was biased in his handling of the original case. "'District courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application. . . .'" *United States v.*

*Gonzalez*, 570 F. App'x 330, 335 (4th Cir. 2014) (quoting *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003)) (emphasis in original). Petitioner alleges the same errors in the instant motion as he did in his original § 2255. In the order dismissing petitioner's § 2255, the Court found that petitioner failed to allege a sufficient basis upon which the Court could find that counsel's performance fell below an objective standard of reasonableness and that petitioner's claims regarding the undersigned's bias and prosecutorial misconduct were procedurally defaulted. Granting petitioner's Rule 60(b) motion would result in relitigation of the claims petitioner presented in his prior § 2255. Accordingly, the Court must treat petitioner's Rule 60(b) motion as a successive § 2255 motion. Because petitioner has not received pre-filing authorization from the Fourth Circuit Court of Appeals, his appeal must be dismissed. 28 U.S.C. § 2255(h).

To the extent that petitioner claims that the undersigned was biased during the § 2255 proceeding, petitioner has procedurally defaulted on this claim, as he did not raise the Court's bias or failure to recuse itself in his direct appeal of the § 2255. *See Bousley v. United States*, 523 U.S. 614, 626–27 (1998) (holding that petitioner who did not challenge the issue he raised in his habeas petition on direct appeal procedurally defaulted on that issue). In order to overcome his procedural default, petitioner must demonstrate that "some objective factor external to the defense" impeded his efforts to raise the issue, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), and that the error he alleges "worked to his *actual* and substantial disadvantage," *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Petitioner has given no explanation for why he failed to raise this claim on appeal and therefore has not demonstrated the cause and prejudice required to overcome his procedural default. Accordingly, the Court lacks jurisdiction and petitioner's Rule 60(b) motion must be dismissed.

4

## CONCLUSION

For the foregoing reasons, petitioner's motions for correction [DE 250] and for recusal [DE 251] are DENIED and the government's motion to dismiss [DE 259] is GRANTED. Petitioner's motion to compel [DE 256] is DISMISSED AS MOOT.

SO ORDERED, this the ___ day of March, 2015.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE