IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-206-BO-2
NO. 5:13-CV-312-BO

| | |
|---|---|
| RAMON HAISON ETHRIDGE, )<br>           Petitioner, )<br>           )<br>v.                             )<br>           )<br>UNITED STATES OF AMERICA, )<br>           Respondent. ) | **ORDER** |

This matter is before the Court on petitioner' motion for correction pursuant to Rule 60(b)(4) of the Federal Rules of Criminal Procedure. For the following reasons, petitioner's motion is denied.

BACKGROUND

On July 13, 2011, petitioner, Mr. Ethridge, was convicted by a jury of possession of a stolen firearms and aiding and abetting, in violation of 18 U.S.C. § 922(j), and possession of firearm by a felon and aiding and abetting, in violation of 18 U.S.C. § 922(g)(1). Following the Fourth Circuit Court of Appeals' decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), the government, with leave of the Court, dismissed the count of the indictment charging the violation of § 922(g)(1). On March 15, 2012, the Court then sentenced Mr. Ethridge to 120 months' imprisonment, which represented an upward variance from Mr. Ethridge's advisory sentencing guideline range. Mr. Ethridge noticed a direct appeal, raising through counsel the procedural and substantive unreasonableness of his sentence, but not raising any issue related to his guilt or innocence. The court of appeals affirmed this Court's judgment by opinion entered April 4, 2013.

Mr. Ethridge then timely filed a motion to vacate pursuant to 28 U.S.C. § 2255, claiming ineffective of counsel, denial of a fair trial in part relating to this Court's alleged bias, and actual innocence. The Court granted the government's motion to dismiss on October 13, 2013, without granting a certificate of appealability. Petitioner filed a timely appeal of this Court's dismissal, and the court of appeals dismissed petitioner's appeal after finding that petitioner had failed to demonstrate the denial of a constitutional right so as to warrant a certificate of appealability.

Mr. Ethridge then filed the instant motion, which the Court originally dismissed as a successive motion to vacate under 28 U.S.C. § 2255, as the motion in part challenged the underlying conviction and sentence. On appeal, the Fourth Circuit remanded, noting that petitioner sought a remedy for perceived flaws in his § 2255 proceeding and raised direct attacks on his conviction and sentence, thus his motion properly should have been characterized as a mixed Rule 60(b)/§ 2255 motion. *See United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015). Following remand, petitioner notified the Court that he only wanted to pursue his motion under Rule 60(b)(4) of the Federal Rules of Civil Procedure, and that he "challenged his Judge's conduct in the 2255 process, as denying him due process, and the lack of subject matter jurisdiction of the court." [DE 272].

## DISCUSSION

Petitioner's Rule 60(b) motion challenges this Court's previous ruling dismissing his § 2255 motion for failure to state a claim for relief. Specifically, Mr. Ethridge argues that the Court's original judgment is void because it lacked subject matter jurisdiction over the underlying criminal proceedings and that the Court was biased in its handling of the § 2255 motion.

2

The first argument, that the Court lacks subject matter jurisdiction, is properly raised under Rule 60(b)(4). As the Supreme Court has noted, Rule 60(b)(4) "preserves parties' opportunity to obtain vacatur of a judgment that is void for lack of subject-matter jurisdiction—a consideration just as valid in habeas cases as in any other, since absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties." *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005). Accordingly, the Court disagrees with the government's characterization of the subject-matter jurisdiction challenge as an allegation of constitutional error in the underlying criminal judgment, and finds that it is a proper Rule 60(b)(4) challenge.

However, the judgment of the Court is not void. Petitioner argues that enactment of 18 U.S.C. § 922(j) is beyond the scope of the Commerce Clause, U.S. Const., art. I, § 8. The Fourth Circuit has held that 18 U.S.C. § 922(g)(1) was within the scope of Congressional authority under the Commerce Clause because it required the government to prove the firearm was "ship[ped] or transport[ed] in interstate or foreign commerce"; was possess[ed] in or affect[ed] commerce; or was received after having been shipped or transported in interstate or foreign commerce." *United States v. Wells*, 98 F.3d 808, 810–11 (4th Cir. 1996). Similarly, § 922(j), which petitioner challenges here, requires that the government prove the firearm "is moving as, . . . is a part of, . . . constitutes, or . . . has been shipped or transported in, interstate or foreign commerce." Such language sufficiently ensures that the firearm in question affects interstate commerce. *See, e.g., United States v. Pritchett*, 327 F.3d 1183, 1185 (11th Cir. 2003); *United States v. Luna*, 165 F.3d 316, 322 (5th Cir. 1999); United *States v. Kocourek*, 116 F.3d 481, 19 97 WL 307160, *1 (8th Cir. 1997). Accordingly, the Court had and continues to have subject matter jurisdiction over this case, thus the judgment of the Court was not void, and petitioner's Rule 60(b)(4) motion fails.

3

Petitioner's allegation that the Court should have recused itself also is properly raised in a Rule 60(b) motion, as he is "seeking a remedy for [a] defect in the collateral review process." *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). A judge of the United States "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). As the Court previously has noted, however, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 551 (1994) (citation omitted). Moreover, petitioner has not demonstrated that "a reasonable person would have a reasonable basis for questioning the judge's impartiality," nor that the alleged bias has "derive[d] from an extra-judicial source," both of which are required to be successful on a claim of judicial bias. *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). Instead, petitioner summarily argues that the Court was unfair during the § 2255 hearing and that its treatment of the ineffective assistance of counsel claims "completely eviscerates the constitutional right to counsel." [DE 250 at 4]. Petitioner does not allege that the bias has derived from an extra-judicial source and only challenges the Court's judicial rulings. The Court's comments and rulings during the § 2255 proceeding do not evince any prejudice against petitioner. Moreover, petitioner does not cite any specific issues of misconduct. There is no reasonable basis for questioning the Court's impartiality, thus his Rule 60(b) motion fails.

CONCLUSION

For the foregoing reasons, petitioner's motion to reconsider [DE 250] is DENIED.

SO ORDERED, this the ⸺25 day of January, 2016.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 5:10-cr-00206-BO Document 276 Filed 01/27/16 Page 4 of 4