IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-206-BO-2
NO. 5:13-CV-312-BO

| | |
|---|---|
| RAMON HAISON ETHRIDGE, <br> Petitioner, | ) <br> ) <br> ) |
| v. | )     ORDER <br> ) |
| UNITED STATES OF AMERICA, <br> Respondent. | ) <br> ) <br> ) |

This matter is before the Court on petitioner's motion for reconsideration, i.e. to correct, alter, or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [DE 281] The government has responded, petitioner has replied, and the motion is ripe for ruling. For the following reasons, petitioner's motion is denied.

## BACKGROUND

The Court incorporates by reference as if fully set forth herein the procedural background of this matter included in its order entered on the docket on January 27, 2016. That order denied petitioner's Rule 60(b) challenge to the Court's earlier ruling on his motion filed pursuant to 28 U.S.C. § 2255. Specifically, the Court held that its judgment is not void as the Court possessed subject matter jurisdiction over the underlying criminal proceedings and that the Court was not biased in its handling of petitioner's § 2255 motion.

Petitioner timely filed the instant Rule 59(e) motion seeking reconsideration of the Court's order. Petitioner argues that the Court's prior order contains a clear error of law in regard to its holding on subject matter jurisdiction. In his reply, petitioner argues that his jurisdictional/constitutional challenge essentially contends that the government did not meet its burden when it demonstrated only that the firearm was manufactured in one state but recovered

in another state in petitioner's possession and did not prove that the firearm had be transferred in interstate commerce by petitioner. [DE 288].

## DISCUSSION

Rule 59(e) permits the Court to alter or amend its judgment on motion of a party filed within twenty-eight days of the entry of judgment. Fed. R. Civ. P. 59(e). The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has identified three circumstances that justify altering or amending a judgment: (1) to accommodate a intervening change in the law; (2) to account for new evidence which was unavailable when the court made its decision; and (3) to correct a clear error of law or prevent manifest injustice. *Bogart v. Chappell*, 396 F.3d 548, 555 (4th Cir. 2005).

Demonstration that a stolen firearm which was possessed by the defendant had traveled in interstate commerce at some point in the past is sufficient to satisfy the minimal interstate nexus required for a conviction under 18 U.S.C. § 922(j). *See United States v. Pritchett*, 327 F.3d 1183, 1186 (11th Cir. 2003). The interstate nexus element of 18 U.S.C. § 922(g), a related statute, is satisfied "if the firearm was shipped or transported in interstate or foreign commerce, regardless of whether the defendant was involved in the shipping or transporting." *United States v. Adams*, 166 F.3d 334 (4th Cir. 1998) (unpublished); *see also United States v. Nathan*, 202 F.3d 230, 234 (4th Cir. 2000) (gun manufactured in one state and used in another is sufficient to establish interstate nexus).

Based on the foregoing, the government need not have shown, as petitioner now argues, that petitioner himself transported the firearm in interstate commerce in order to sustain a conviction under 18 U.S.C. § 922(j). Petitioner's remaining arguments addressing the Court's

2

determination regarding its subject matter jurisdiction are without merit. Petitioner has presented no argument which convinces the Court that it committed a clear error of law, and his Rule 59(e) motion is properly denied.

## CONCLUSION

For the foregoing reasons, petitioner's motion to reconsider [DE 281] is DENIED.

SO ORDERED, this the 28 day of March, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE